UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| FAAFILI TAAMILO, individually, and on behalf of all other similarly situated consumers,<br><br>        Plaintiff,<br><br>vs.<br><br>MIDLAND CREDIT MANAGEMENT, INC.<br><br>        Defendant. | Case No.: **1:19-CV-01200**<br><br>CIVIL COMPLAINT --<br>CLASS ACTION |

Plaintiff, Faafili Taamilo (hereinafter "Plaintiff"), individually, and on behalf of all other similarly situated consumers, by and through undersigned counsel, hereby alleges against Midland Credit Management, Inc. ("MCM") as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendants' violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4. Plaintiff is a natural person, who at all relevant times has resided in Midland, Texas, and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5. Defendant Midland Credit Management, Inc. ("MCM") is a corporation doing business in the state of Texas, with its corporate address as 2365 Northside Drive, Suite 300, San Diego, California 92108 and is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

6. On or about November 21, 2018, Defendant MCM sent Plaintiff the letter attached as Exhibit A, presenting the "current balance" as $1,254.85, for a personal credit card bill from Citibank, N.A./Citihealth.

7. Said personal bill was a debt incurred for personal, family or household purposes and not for business purposes.

8. Exhibit A is false, deceptive, and misleading given Defendant MCM's placement of ambiguous language and the resulting multiple interpretations of the letter that follow.

9. The collection letter states the following:

Congratulations! You have been pre-approved for a *discount program* designed to save you money. Act now to maximize your savings and put this debt behind you by calling (800) 282-2644. Pay online today at MCMPay.com.

10. Below this, Defendant MCM provides Plaintiff with three options for payment:

    a. Option 1
        i. 40% off
    b. Option 2
        i. 20% off
    c. Option 3
        i. Monthly payments as low as $50 a month

11. The above language provided by MCM concerning Option 3 is ambiguous as to whether this is a third settlement option or a path to full payment. Option 3 appears to be a discount option based on MCM's representations. However, Option 3 is in fact only a path to full payment.

12. Alternatively, the consumer would believe that Option 3 is a path to full payment. However, Option 3 is in fact only a discount option.

13. This ambiguity is material because it directly affects the consumer's choice to pay the debt.

## CLASS ACTION ALLEGATIONS

### The Class

14. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and all others similarly situated who have received similar debt collection letters from Defendant, which, as alleged herein, are in violation of the FDCPA.

15. Plaintiff seeks certification of the following class, initially defined as follows:

**Class: All consumers with a Texas address that have received the same form letter as Exhibit A from Defendant MCM concerning debts for Citibank, N.A./Citihealth used primarily for personal, household, or family purposes within one year prior to the filing of this complaint.**

16. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of the Defendant.

17. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4), or modify the class definition as to the geographical location or original creditor, including expanding the definition to a nation-wide class.

Defendant should be prepared to defend a nationwide class should Plaintiff so modify the class.

## Numerosity

18. Upon information and belief, Defendant has sent collection letters in an attempt to collect a debt to hundreds if not thousands of consumers throughout Texas, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

19. The letters sent by the Defendant MCM, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

20. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

## Common Questions of Law and Fact

21. There are questions of law and fact common to the class that predominate over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether the Plaintiff and the Class have been injured by the conduct of Defendant MCM; (iii) whether the Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant MCM's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

## Typicality

22. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

23. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

24. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

25. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

26. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

27. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

28. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment

also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

29. Absent a class action, the Class members will continue to suffer losses borne from the Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

Defendant MCM has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq.*

30. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

31. Defendant MCM's false and deceptive representations to Plaintiff violate the below provisions of the FDCPA.

32. Section 1692e provides:

> **§ 1692e. False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

WHEREFORE, Plaintiff, Faafili Taamilo, respectfully requests that this Court do the following for the benefit of Plaintiff:

A. Certify the class described herein and appoint Plaintiff as Lead Plaintiff, and Plaintiff's Counsel as Lead Counsel;

B. Enter judgment against Defendant for statutory damages pursuant to the FDCPA;

C. Enter judgment for injunctive relief stopping Defendant from using letters similar to Exhibit A;

D. Award costs and reasonable attorneys' fees;

E. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

33. Plaintiff demands a jury trial on all issues so triable.

Dated:   December 11, 2019
         Clifton, New Jersey

/s/ Daniel Zemel
Daniel Zemel, Esq.
**Zemel Law LLC**
1373 Broad Street, Suite 203-C
Clifton, NJ 07013
(P) (862) 227-3106
dz@zemellawllc.com
Attorney for Plaintiff

# Exhibit A



**Midland Credit Management**
350 Camino De La Reina
Suite 100
San Diego, CA 92108

04-10-2019

P48T2093 001

Faafili S Taamilo
3100 Caldera Blvd Apt 2321
Midland, TX 79705-2583

| | |
|---|---|
| Original Creditor | Citibank, N.A. |
| Original Account Number | 5127030041332770 |
| MCM Account Number | 8568948785 |
| Current Balance | $1,254.85 |
| Current Owner | Midland Funding LLC |

You are pre-approved for a 40% discount!
Call (800) 321-3809

### Choose The Option That Works For You.

RE Citibank, N.A.   Citihealth

Dear Faafili,

Congratulations! You have been **pre-approved** for a discount program designed to save you money. Act now to maximize your savings and put this debt behind you by calling (800) 321-3809. Pay online today at MCMPay.com.

**Option 1: 40% OFF**
Payment Due Date: 05-10-2019
You Pay Only
$752.91

**Option 2: 20% OFF**
First Payment Due Date: 05-10-2019
6 Monthly Payments of Only
$167.31

**Option 3: Monthly Payments As Low As:**
† Call today to discuss your options and get more details.
$50 per month†

If these options don't work for you, call one of our Account Managers to help you set up a payment plan that does.

Sincerely,

### Benefits of Paying!

➢ Save up to $501.94

➢ Offer Expiration date: 05-10-2019

**CALL US TODAY!**
(800) 321-3809